10180

SALLEY v. PARKER *ET AL.*

(98 S. E. 847.)

1. LANDLORD AND TENANT—WRONGFUL DISTRESS.—A landlord, who took a stove of a tenant for rent, when the tenant in fact owed no rent was guilty of conversion.

2. PRINCIPAL AND AGENT—RELATION—PROOF.—Agency may be proven by circumstances.

3. PRINCIPAL AND AGENT — CONVERSION — AGENCY — PROOF. — In action against two persons for conversion, evidence *held* sufficient to sustain a finding that one of defendants who took the property was the agent of the other defendant.

4. LANDLORD AND TENANT—WRONGFUL DISTRESS—PUNITIVE DAMAGES.—
In an action against a landlord for conversion of a stove which a ten-
ant had left on the premises, where landlord did nothing beyond
asserting his right to hold the stove, punitive damages were improp-
erly allowed.

5. LANDLORD AND TENANT — DISTRESS — NECESSITY FOR WARRANT.—One
acting for landlord in taking property of a tenant for rent must
have a distress warrant to evidence his authority when he takes the
property.

Before WHALEY, County Judge, Richland county, Novem-
ber term, 1917. Reversed as to punitive damages and
affirmed as to actual damages.

Action by Mrs. M. S. Salley against E. W. Parker and
J. A. H. Geiger. From judgment for plaintiff, defendants
appeal.

*Mr. H. P. Green,* for appellant, submits: *That the alleged
declaration of the bailiffs, or agent, Geiger, that he was act-
ing for Parker, was insufficient to show agency: 72 S. C.
252; 73 S. C. 478.*

*Messrs. Cooper & Alderman,* for respondent, submit:
*The principal is responsible for the acts of the agent done in
the real or apparent scope of his authority, although such acts
were unauthorized by the principal: 37 S. C. 377; 88 S. C.
31. Where one consciously invades another's rights he
becomes liable for punitive damages: 64 S. C. 514; 69 S. C.
327; 87 S. C. 184. By their motion for a directed verdict
the appellants, for the purpose of the motion, admitted the
truth of plaintiff's testimony as to the conscious invasion of
her rights: 97 S. E. 62. Parker was liable for the acts of
Geiger: 81 S. C. 214; 2 McMull. 202; 50 S. C. 218; 4 Strobh.
213. There was abundant evidence of wilfulness on Parker's
part, he being responsible for the conduct of his agent,
Geiger, whether he participated in such conduct or not: 88
S. C. 31; 70 S. E. 403. The agent of the landlord, when he
makes a levy, should be required to show his authority by
exhibiting and serving on the tenant the distress warrant*

*which is the badge of his authority:* Civil Code 1912, vol. I, sections 3513-4; A. & E. Encys. of Pldg. & Prac., p. 30, p. 22; 31 S. C. 444; Cyc., vol. XXIV, p. 1315; 100 S. C. 320.

April 7, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This is a lawsuit about a cooking stove. It arose out of these circumstances: The plaintiff became a tenant of a dwelling house which was owned by Dent. She had vacated the house, but left behind her the stove. She returned to get the stove and was forbidden to do so by Geiger, who seized it for an alleged balance of rent due by the plaintiff. For this act of alleged conversion the former tenant sued both Parker and Geiger, and had a verdict for both actual and punitive damages.

The exceptions made four questions: (1) There was no proof of conversion; (2) wrong instructions about how agency may be proven; (3) there was no proof of wilfulness, and, therefore, no basis for punitive damages; (4) wrong instructions about the service of a distress warrant.

1. If Mrs. Sallley had paid all the rent she owed, and she testified she had, then the taking of the stove for her alleged debt was a conversion. The jury found there was a conversion.

2. The Court made a correct and admirable statement of the law to guide the jury in finding if Geiger when he seized the stove was agent of Parker.. There was no assumption by the Court that Geiger was agent. The instruction was: (1) That agency may be proven by all the circumstances of the case; (2) that, if the circumstances do fix agency, then the acts of the agent bind the principal if done within the scope of the employment.

The circumstances suggest that Geiger was agent of Parker. The testimony tends to prove that Parker let the house to Mrs. Salley and collected the rents; that Parker filled out

the distress warrant and sent it to Dent to sign; that the signed warrant was returned to Parker to be put into Geiger's hands, and was left at Coker's place for Geiger; that Parker talked to Geiger about the stove; that Parker told Coker he was holding the stove for rent due, and declined to give it up until payment was made.

This was ample testimony for the jury to have concluded that Parker was principal to collect and Geiger was his agent for that.

3. The counsel for respondent admitted at the hearing before us that the defendants did nothing beyond the assertion of their right to hold the stove. There was, therefore, no warrant to assess punitive damages, and so much of the judgment as represents punitive damages is reversed.

4. The appellant has cited no authority to sustain the contention that Geiger did not need to have a distress warrant to evidence his authority when he seized the stove, and we think there was none.

The remedy by distress was provided by the common law. The statutes have only modified the remedy. 3 Kent, p. 472, *et seq.*

"A warrant of distress is nothing but a power of attorney. The bailiff, or other person executing the warrant, is only the agent of the landlord." *Bagwell v. Jamison,* Cheves 252.

It was the duty of Geiger to have made proof of his agency when he went to act. He knew that, for he swore he had and presented the warrant; but Mrs. Salley denied so much.

By the defendant's testimony the warrant was made out by Parker, signed by the landlord, Dent, and put into Geiger's hand to execute.

The statute law does not declare that the warrant shall be presented to the tenant (the same thing as service); but the

warrant is the only evidence of the agent's right, and the agent is bound to show his right to justify his act.

Judgment reversed as to punitive damages and affirmed as to actual damages.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.